Filed: 1/10/2022 8:59 AM
Lynne Finley
District Clerk
Collin County, Texas
By Suzanne Rogers Deputy
Envelope ID: 60645469

CAUSE NO. 366-00109-2022 _____

| | | |
|---|---|---|
| **LANIKA MOSLEY**<br>**Plaintiff,** | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | \_\_ JUDICIAL DISTRICT |
| **CVS PHARMACY, INC.**<br>**Defendant.** | §<br>§ | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Lanika Mosley, Plaintiff, complaining of and against CVS Pharmacy, Inc., Defendant herein, and would respectfully show unto the Court as follows:

### I. DISCOVERY - CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.1 and 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief under $250,000.

### II. RELIEF

2. Plaintiff seeks monetary relief of $250,000 or less excluding interest, statutory or punitive damage and penalties and attorneys fees and costs Tex R. Civ. P. 47(c)(1).

### III. PARTIES AND SERVICE

3. Plaintiff, Lanika Mosley, currently resides in Plano, Texas. The last three digits of her social security number are 835 and the last three digits of her driver's license number are 249.

4.      Defendant, CVS Pharmacy, Inc. is a corporation that may be served by serving its registered agent for service, CT Corporation System, located at 1999 Bryan. Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. Issuance of citation is requested at this time.

5.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV. JURISDICTION

6.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

### V. VENUE

7.      Venue is proper in  County, Texas under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas.

### VI. FACTS

8.      On or about January 12, 2020, Defendant owned, leased, possessed, operated, controlled, maintained, or managed a property, known as CVS Pharmacy No. 1792, located at or near located at 4201 E. Park Blvd, Plano, Texas 75074 (the "Property").

9.      At all times hereinafter mentioned, Defendant possessed, operated, maintained, managed, and controlled, or had a duty to possess, operate, manage, or control, both directly or indirectly through its agents, servants, contractors and/or employees, the Property, including but not limited to the aisles and floors in the store.

*Plaintiff's Original Petition*

10. In the course of its said operation of the Property, Defendants invited Plaintiff, as a guest, to enter the Property.

11. On or about January 12, 2020, Plaintiff Lanika Mosley was walking near the front of the store when she stepped on a small object, which caused her to slip and fall. Through no fault, negligence, or carelessness of her own, she fell to the ground. After she fell, she saw that the object she stepped on was a small chunk of ceramic that came off of broken merchandise. A CVS employee told her that another customer had recently dropped and broken a Christmas decoration and that the chunk of ceramic was from that item.

12. There were no devices, signs, warnings, cones, or other methods of warning were used to call attention to the debris on the ground, despite that Defendants, by and through their employees, servants, representatives and/or agents, had actual or constructive knowledge of the aforementioned condition for a substantial period of time prior to Plaintiff's entrance of the Property on the aforesaid date and time.

13. As a result of the fall and the forceful impact, Plaintiff suffered physical injuries, including medical bills and pain and suffering.

### VII. CAUSES OF ACTION

**A. Negligence:**

14. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

15. At all material times herein, it was the duty of Defendant, prior to and at the time of the occurrence, to exercise reasonable care and caution in and about the ownership, management, maintenance, operation, control, and possession of said premises so that the same

would be in good, safe and proper condition for persons legally and lawfully upon said premises to use and walk upon so as not to cause harm and injury to such persons and, in particular, Plaintiff.

16.     Notwithstanding the aforesaid duty, Defendant's acts and/or omissions fall below the standard of care and is the proximate cause of the occurrence at issue and Plaintiff's resulting injuries and damages. Defendant, individually and by and through its agents, servants, and employees on its behalf, was in violation of its duty and then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a. Failed to maintain the premises owned and/or operated by Defendant in good and safe condition in a frequently trafficked area on the Property and in an area designated for and used by members of the general public and invitees, including Plaintiff;

b. Failed to remove debris that accumulated on the floor in a public area of the Property which was known or should have been known to Defendant;

c. Failed to exercise ordinary care to reduce or eliminate the risk of persons such as Plaintiff falling by failing to maintain the safety and cleanliness of the Property in a reasonably safe condition;

d. Failed to warn Plaintiff regarding the slippery and dangerous condition of the floor of the Property when Defendant knew or in the exercise of ordinary care, should have known that warnings were necessary to prevent injury to Plaintiff, other members of the general public and invitees;

e. Failed to properly supervise the safety and cleanliness of the Property so as to furnish to Plaintiff a safe and dry walkway, free from hazards which were

  recognized or should have been recognized by Defendant as causing or likely to cause the serious physical harm to Plaintiff and others;

 f. Failed to maintain the floors of the Property in a safe condition to ensure that Plaintiff would not be caused to slip and fall as a result of the debris on the floor which was known or should have been known to Defendant;

 g. Failed to make a reasonable inspection of the floors of the Property wherein Plaintiff was caused to fall; and

 h. Was otherwise negligent on the aforesaid premises.

17. Each of the above acts and omissions, singularly or any combination of one or more, was the proximate cause of Plaintiff's injuries and damages.

**B. <u>Premises Liability:</u>**

18. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

19. Plaintiff's injuries were caused by a premise defect of which Defendant had "actual knowledge" of before the injury occurred.

20. Plaintiff was a business invitee who entered the Property with Defendant's knowledge and permission and for the mutual benefit of both parties. Thus, Defendants owed Plaintiff the utmost duty of care.

21. Defendant had a duty to make safe or warn against any dangerous condition of which Defendant are aware of or could have discovered with a reasonable inspection. However, Defendant failed to make safe the dangerous condition and failed to warn Plaintiff about the condition.

*Plaintiff's Original Petition*

22. Defendant, as the entities that owned, leased, possessed, operated, controlled, maintained, and/or managed the Property, had a duty to keep the premises under its control in a safe condition and to warn Plaintiff of such dangerous and/or defective conditions.

23. Plaintiff was injured by a defective and/or dangerous condition on the Property, and Defendant breached its duty to remedy the condition and/or warn Plaintiff, proximately causing Plaintiff's damages.

24. Defendant, as the entities that owned, leased, possessed, operated, controlled, maintained, and/or managed the land, failed to refrain from injuring Plaintiff, a business invitee, willfully, wantonly or through gross negligence.

**C. Gross Negligence:**

25. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs for all purposes the same as if set forth herein verbatim.

26. Defendant's acts and/or omissions described above, when viewed objectively from the standpoint of the actor at the time of their occurrence, involves an extreme degree of risk (considering the probability and magnitude of the potential harm to others) and of which the actor has actual, subjective awareness of but failed to take appropriate measures to prevent against entitling Plaintiff to exemplary damages.

27. Plaintiff's injuries resulted from Defendant's gross negligence which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code Section 41.003(a).

## XIII. DAMAGES

28. As a result of the actions and/or omissions enumerated above, Plaintiff has suffered damages. Specifically, Plaintiff has suffered:

a. Actual Damages

b. Medical bills and expenses in the past and in all reasonable probability, medical bills and expenses in the future;

c. Physical Pain and suffering in the past and in all reasonable probability, pain and suffering in the future;

d. Mental Anguish in the past and in all reasonable probability, mental anguish in the future;

e. Impairment in the past and in all reasonable probability, impairment in the future

f. Disfigurement in the past and in all reasonable probability, disfigurement in the future.

29. The negligence of Defendant proximately caused the collision made the basis of this lawsuit, and the injuries and damages to Plaintiff complained of herein.

## IX. CONDITIONS PRECEDENT

30. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## X. ALTERNATIVE ALLEGATIONS

31. To the extent any allegation in the FACTS or CAUSES OF ACTION sections that follow are inconsistent with any other allegation, such inconsistent allegations are plead in the alternative pursuant to Texas Rule of Civil Procedure 48. Further, Plaintiff reserves the right to amended and/or supplement this petition as the case progresses and further factual information is obtained.

## XII. NOTICE OF INTENT

32. Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure §193.7.

## XIII. PRAYER

33. For these reasons, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

   a. Actual damages;

   b. Medical bills in the past and future;

   c. Pain and suffering in the past and future;

   d. Mental anguish in the past and future;

   e. Physical impairment in the past and future;

   f. Disfigurement in the past and future;

   g. Exemplary Damages;

   h. Costs of court;

   i. Prejudgment and post-judgment interest as allowed by law; and

   j. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**MATHIAS RAPHAEL PLLC**
13601 Preston Road, Suite W217
Dallas, Texas 75240
Office: 214-739-0100
Facsimile: 214-739-0151
Ori@mrlaw.co
Damon@mrlaw.co
Ashley@mrlaw.co

*Plaintiff's Original Petition*

BY: _____
Ori Raphael
State Bar No. 24088273
Damon Mathias
State Bar No. 24080170
Ashley Goldman
State Bar No. 24123704

**ATTORNEYS FOR PLAINTIFF**